# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

**JEFFERY LOWE,**

          **Plaintiff,**               Case No. 1:18-cv-0027

v.                                     Judge Campbell
                                        Magistrate Judge Frensley
                                        JURY DEMAND

**CALSONIC KANSEI NORTH**
**AMERICA, INC.**

          **Defendant.**
_____/

## PLAINTIFF'S MOTIONS *IN LIMINE*

Plaintiff Jeffery Lowe moves *in limine* to exclude the following evidence from trial: 1) collateral source evidence; 2) evidence regarding a charge that was dropped/dismissed; 3) specifics of subsequent employment history; 4) medical records that Defendant did not rely on in making its decisions concerning Plaintiff's employment; 5) Plaintiff's Statements to the EEOC; and 6) Limitation on Witness Introduction.

### I. Collateral Source Evidence

Receipt of unemployment compensation benefits, or any attempt to obtain them, are collateral source benefits. *See Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614 (6th Cir. 1983). *See also Hamlin v. Charter Township of Flint,* 165 F.3d 426,433-436 (6th Cir. 1999); *Thurman v. Yellow Freight Systems. Inc.,* 90 F.3d 1160, 1170-71 (6th Cir.1996).

During Plaintiff's deposition, Defendant elicited testimony regarding his application for unemployment benefits. Plaintiff did not ultimately receive unemployment benefits but any mention of such still relates to a collateral source benefit. Further, the Tennessee Department of Labor's denial of Plaintiff's application for unemployment benefits has no bearing on the claims

as made in his lawsuit and reference to same should be barred by Federal Rule of Evidence 402. Even if such evidence could be considered relevant, the danger of unfair prejudice and/or confusion of the issues for the jury substantially outweighs any probative value of the evidence. Fed. R. Evid. 403. The standard for unemployment benefits does not track or resemble the standards for proving discrimination or retaliation under the ADA and FMLA, thus any mention of the denial of Plaintiff's application for unemployment benefits only serves to confuse and prejudice the jury.

Accordingly, Plaintiff requests the Court prohibit introduction of evidence concerning his application for unemployment benefits and any decision regarding the same.

## II. Dismissed Charge Against Plaintiff

During written discovery and during his deposition, Defendant's counsel elicited testimony regarding Plaintiff's civil and criminal history, including a charge that was brought in June 2018 and dismissed/dropped by prosecutors in late 2018.

Any probative value to introducing evidence about Mr. Lowe's personal charge history is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Moreover, Federal Rule of Evidence 404(b) prohibits the use of improper character evidence.[1] Given that he was investigated with the alleged offense at issue after his termination from Defendant, there is no allegation or indication that Lowe's unsubstantiated brush with the law or its dismissal of the same would have caused the loss of his job. Such evidence is thus irrelevant and prejudicial. Accordingly, such evidence would not surmount the burden of

---

[1] Character evidence may be admissible for another purpose such as showing opportunity, motive, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. Fed. R. Evid. 404 (b)(2). However, in this case, these exceptions do not apply. *See United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

Federal Rules of Evidence 404(b) and 609.

Plaintiff requests the Court prohibit introduction of evidence regarding Lowe's criminal history, any mention of prior arrests or charges, or any documents related to the same.

### III. Plaintiff's Subsequent Employment History

During discovery, Defendant elicited testimony regarding Lowe's employment history following his termination by Calsonic. In the time since his employment with Defendant, Lowe has held several jobs and left for different reasons - for example, some of his subsequent jobs involved dangerous working conditions or extensive commutes. The reason for moving jobs or the number of jobs he has held since his termination is irrelevant and potentially prejudicial. Thus, any evidence about Lowe's employment should be limited to mitigation evidence – meaning only the pay or benefits he has earned since his termination should be admitted or explored. Any other employment evidence is irrelevant and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Plaintiff requests the Court prohibit introduction of evidence regarding the number of jobs Lowe has had since his termination with Defendant and his reasons for making employment decisions.

### IV. Plaintiff's Medical Records

During discovery, Defendant obtained medical records from Defendant's medical providers that treated him for his disabling conditions. Generally, medical records are inadmissible hearsay. Fed. R. Evid. 802. While true that some medical records may be admissible under the business records exception found in Fed. R. Evid. 803(b)(6), introduction of his <u>entire</u> medical file or portions of his medical file that were not relied on by Defendant in making its decision to

terminated Plaintiff is irrelevant to his claims under Rule 401 and any probative value it may carry is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. *See Coffman v. RJ Young, Co., Inc.,* 871 F. Supp. 2d 703, 717 (M.D. Tenn. 2012) (medical records not in defendants possession at time of termination submitted in support of summary judgment were unsupported hearsay). Plaintiff seeks to limit Defendant's to enter only those medical records and/or doctor's notes that relate to his disabling and serious conditions that sought him to seek leave from Defendant during his employment.

## V. Plaintiff's Statements to the EEOC

During Plaintiff's deposition, Defendant elicited testimony regarding alleged statements to an EEOC investigator about his status as an individual with a disability. The Federal Rules of Evidence define hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. The statements Defendant may attempt to use were written by the investigator in his own internal notes and allegedly depict statements made by Plaintiff. In particular, it appears the investigator asked the Plaintiff what his disability was and the notes reflect he stated "he didn't have a disability- I just broke my foot." Plaintiff who is unsophisticated in the nuances and definitions of the ADAAA did not understand the investigator's question. These statements are plainly hearsay for which there is no exception. *See Fleming v. Sharp Mfg. Co. of Am.*, No. 11-2911-STA-dkv, 2013 U.S. Dist. LEXIS 115977 (W.D. Tenn. Aug. 15, 2013)(finding EEOC investigator notes inadmissible hearsay). Hearsay statements are not exempted from the hearsay bar simply because they were related to a government officer or investigator, and the statements contained in the investigators notes are also not admissible under Rule 803(8)(C). *Stolarczyk v. Senator Int'l Freight Forwarding*, 376 F. Supp. 2d 834 (N.D. Ill. 2005).

## VI. Witness Introduction and Background

Local Rule 39.01(c)(2) dictates that when a witness takes the stand, the examining attorney may provide "such background information as the attorney desires to give concerning the witness and the connection of the witness to the litigation. . ." Pursuant to this rule and practice, Plaintiff seeks exclusion of any non-relevant, prior employment history or military service from the witness background. Plaintiff respectfully requests this Court to limit the amount of background information read by the examining attorney to only that information that is relevant to a witness's position and inclusion with the present litigation and employment at Calsonic. For example, a witness's current employment with Defendant and relation to Plaintiff is relevant and necessary introductory background information, while information such as prior military service and/or deployment or employment experience elsewhere is not. This information is both irrelevant, potentially prejudicial, and improper bolstering character evidence under Federal Rules of Evidence 401, 403, and 404.

Plaintiff requests the Court GRANT the Motions *in Limine* as set forth herein.

Respectfully submitted,

*/s Paige M. Lyle*
Heather Moore Collins BPR # 026099
Paige M. Lyle BRP # 032959
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt: Matthew C. Lonergan, John P. Rodgers, Bradley Arant Boult Cummings, 1600 Division Street, Suite 700, Nashville, TN 37203, jrodgers@bradley.com, mlonergran@bradley.com

 

*/s Paige M. Lyle*
Paige M. Lyle