IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JEFFERY LOWE,

           Plaintiff,          Case No. 1:18-cv-0027

v.                                       Judge Campbell
                                       Magistrate Judge Frensley
                                       JURY DEMAND

CALSONIC KANSEI NORTH
AMERICA, INC.

           Defendant.
_____/

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**PROPOSED JURY INSTRUCTION NO.**
**TERMINATION BECAUSE OF DISABILITY**

To prove a claim of discrimination under the ADA, Plaintiff must prove by a preponderance of the evidence the following:

1.    Mr. Lowe was disabled, as defined by the ADA;

2.    Mr. Lowe was qualified to perform his job;

3.    Defendant terminated Mr. Lowe because of his disability.

4.    As a direct result of Defendant's actions, Plaintiff sustained damages.[1]

---

[1] 42 U.S.C. § 12112(a). *Lewis v. Humbolt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012).

# PROPOSED JURY INSTRUCTION NO.
# DEFINITION OF "DISABILITY"

An individual is "disabled" under the ADA if he has "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment.". The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." "The definition of disability" under the ADA "shall be construed in favor of broad coverage." Likewise, "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage" and "is not meant to be a demanding standard." A person does not need to present scientific, medical or statistical evidence to prove he has a disability. Credible testimony from the plaintiff or others can be sufficient to prove a disability. Pertinent major life activities include, but are not limited to, performing manual tasks, walking, standing, lifting, bending and working. A major life activity can also be the operation of a major bodily function, including but not limited to, functions of the neurological (pain), circulatory or musculoskeletal. And "the term 'major' shall not be interpreted strictly to create a demanding standard." The ADA does not require a specified minimum duration that an impairment must last in order to be substantially limiting, an impairment "lasting or expected to last fewer than six months can be "substantially limiting."[2]

---

[2] 42 U.S.C. § 12102(1); 42 U.S.C. § 12102(1)(A); 42 U.S.C. § 12102(4)(A); *Hostettler v. City of Wooster*, 895 F.3d 844, 853 (6th Cir. 2018); 29 C.F.R. § 1630.2(j)(1)(i)); 29 C.F.R. § 1630.2(j)(1)(iii); 42 U.S.C. § 12102(2)(A); 42 U.S.C. § 12102(2)(B); 29 C.F.R. § 1630.2(h)(1), (i)(1)(ii) 29 C.F.R. § 1630.2(i)(2); 29 C.F.R. 1630.2(j)(1)(ix).

# PROPOSED JURY INSTRUCTION NO.
# DEFINITION OF "QUALIFIED"

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without a reasonable accommodation.

Not all job functions are "essential." Essential functions are a job's fundamental duties, and do not include marginal functions of job. You should also consider: (i) The amount of time spent on the job performing the function; (ii) the consequences of not requiring the employee to perform the function; (iii) The work experience of past employees in the job; and/or (iv) The current work experience of employees in similar jobs. You should give consideration to, but are not be bound by, Defendant's judgment as to what functions of a job are essential.[3]

---

[3] Seventh Circuit Model Jury Instruction 4.5 (2005) (modified). *Rorrer v. City of Stow,* 743 F.3d 1025, 1040 (6th Cir. 2014).

# PROPOSED JURY INSTRUCTION NO.
# REASONABLE ACCOMMODATION: GENERAL INSTRUCTION

A reasonable accommodation is any effective modification or adjustment to the workplace that makes it possible for a person with a disability to enjoy the same benefits and privileges of employment that are available to any person without a disability.

An employer is not required to make a reasonable accommodation until the employee notifies the employer of a disability and requests an accommodation. Once an employee notifies his employer that he has a disability and requests a reasonable accommodation, an employer has a duty to engage in an interactive process with the disabled employee that requires communication with the employee and a good faith exploration of possible accommodations. The ADA does not require an employee to use "magic words" like accommodation or even "disability" to fulfill his duty to request an accommodation. Employers who fail to engage in the interactive process in good faith are liable for disability discrimination if a reasonable accommodation would have been possible for the employee.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards. Shifting marginal duties to other employees who can easily perform them is a reasonable accommodation. Additional medical leave can also constitute a reasonable accommodation. [4]

---

[4] **Authority:** Seventh Circuit Model Jury Instruction 4.6 (2005) (modified); *Rorrer,* 743 F.3d at 1044; *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.,* 155 F.3d 775, 783 (6th Cir.1998); *Coffman v. R.J. Young,* 871 F.2d 703 (M.D. Tenn. 2012)(Haynes); *Leeds v. Potter,* 249 Fed. Appx. 442, 449 (6th Cir. 2007). *See Smith v. Henderson,* 376 F.3d 529, 535 (6th Cir. 2004) (submission of request to adhere to medical restrictions suffices as a request for accommodation that triggers interactive process).

# PROPOSED JURY INSTRUCTION NO.
# DUTY TO ENGAGE IN THE INTERACTIVE PROCESS

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit him to perform the essential functions of his position. This interactive process is mandatory and both the employer and the employee must cooperate in this interactive process in good faith.

You may find that Defendant unlawfully failed to provide Mr. Lowe with a reasonable accommodation if you find that Defendant failed to engage in this interactive process in good faith and that a reasonable accommodation would have been possible but for the employer's failure to engage in the interactive process.[5]

If you find that Defendant has failed to engage in the interactive process, Mr. Lowe is entitled to relief on this basis if he proves that he could have been reasonably accommodated had the Defendant engaged in the interactive process in good faith.[6]

---

[5] *Breitfelder v. Leis*, 151 F. App'x 379, 386 (6th Cir. 2005) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 320 (3d Cir. 1999)); *Burress v. City of Franklin*, 809 F. Supp. 2d 795, 813 (M.D. Tenn. 2011) (citing *Lafata v. Church of Christ Home for the Aged*, 325 F. App'x 416, 422 (6th Cir. 2009)).

[6] *EEOC v. Ford Motor Co.*, 782 F.3d 753, 766 (6th Cir. 2015); *Arthur v. Am. Showa, Inc.,* 625 F. App'x 704, 711 (6th Cir. 2015); *Keith v. Cty. of Oakland,* 703 F.3d 918, 929 (6th Cir. 2013).

# PROPOSED JURY INSTRUCTION NO.
# GENERAL DESCRIPTION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

The federal Family and Medical Leave Act ("FMLA") entitles eligible employees to take up to 12 weeks of unpaid, job-protected leave in any 12 months for specified family and medical reasons. The employee may take this leave intermittently or in blocks of time less than the full amount of the entitlement if necessary. Among the reasons listed under the law is for the employee's serious health condition. An eligible employee who takes leave under the FMLA is entitled, on return from the leave to be restored by the employer to the employment position held by the employee when the leave began or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.[7]

---

[7] **Authority:** 29 U.S.C. § 2612; 29 U.S.C. § 2614.

# PROPOSED JURY INSTRUCTION NO.
# FMLA RIGHTS

The FMLA entitles eligible employees to take up to 12 weeks of leave per year to care for their own serious health condition that makes the employee unable to perform the functions of his position. The law prohibits employers from retaliating against employees who exercise or attempt to exercise their rights under the FMLA. Employers cannot use the taking of FMLA leave as a negative factor in terminating an employee.[8]

---

[8] **Authority:** Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, No. 5.80 (adapted); 29 U.S.C. §2614(a); 29 U.S.C. §2615(a); 29 C.F.R. §825.220.

# PROPOSED JURY INSTRUCTION NO.
# FMLA RETALIATION

Plaintiff has alleged that he has been retaliated against by Defendant because he exercised his rights under the Family and Medical Leave Act ("FMLA"). To prevail on his claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, that:

1. Plaintiff took FMLA leave or otherwise exercised or attempted to exercise his rights under the FMLA;
2. Defendant took an adverse action against Plaintiff; and
3. Plaintiff's act of taking FMLA leave was a motivating factor in Defendant's decision to terminate Plaintiff.

In determining whether Plaintiff's request or use of FMLA leave was a motivating factor in Defendant's decision, it is not necessary that Plaintiff prove that his exercise of FMLA rights was the sole reason for the decision; the FMLA leave may just be a motivating reason. A motivating reason is a reason or desire that causes someone to take action.

If you determine that Plaintiff has proven each of these elements by a preponderance of the evidence, then you must find for Plaintiff on his retaliation claim. If you find that Plaintiff has failed to prove either of these elements by a preponderance of the evidence, then you must find for Defendant. [9]

---

[9] **Authority:** American Bar Association, Model Jury Instructions: Employment Litigation § 8.13 (2nd ed. 2005); Gibson v. City of Louisville, 336 F.3d 511, 514 (6th Cir. 2003); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, Vol. 3C § 179.20 (5th ed. 2001); 29 U.S.C. §2615(a); 29 C.F.R. §§825.216(a), 825.220; Cavin v. Honda of America Mfg, Inc., 346 F.3d 713, 726-27 (6th Cir. 2003); Skrjanc v. Great Lakes Power Service Co., 272 F.3d 309 (6th Cir. 2001).

# PROPOSED JURY INSTRUCTION NO.
# TIMING OF DECISION

In this case, termination occurred shortly after Plaintiff exercised his FMLA rights. While the "temporal proximity," or closeness in time, between Plaintiff's taking FMLA leave and Defendant's decision to take adverse action against him is not sufficient by itself to prove retaliation, you may consider the timing of Defendant's decision as circumstantial evidence of Defendant's motive for terminating Plaintiff.

The ultimate decision in this case depends on whether Plaintiff has shown by a preponderance of the evidence that his protected activity, *i.e.*, taking FMLA leave, was a motivating factor in Defendant's decision to terminate him. A causal connection between a protected act and an adverse employment action *i.e.*, termination, may be shown by pointing to the closeness in time between asserting his rights under the FMLA and his termination.[10]

---

[10] **Authority:** Arban v. West Publishing Corp., 345 F.3d 390, 402-03 (6th Cir. 2003); DiCarlo v. Potter, 358 F.3d 408, 421 (6th Cir. 2004); Little v. BP Exploration & Oil Co., 265 F.3d 357, 363-64 (6th Cir. 2001); Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000); Polk v. Yellow Freight System, Inc., 876 F.2d 527, 531 (6th Cir. 1989).

# PROPOSED JURY INSTRUCTION NO.
# ADA & FMLA DAMAGES — BACK PAY

If you find that Calsonic has violated Mr. Lowe's rights under the ADA or FMLA, then you must determine the amount of damages that Calsonic's actions have caused Mr. Lowe. Mr. Lowe has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Mr. Lowe for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mr. Lowe would have received from Calsonic had Mr. Lowe not been terminated.

Back pay damages, if any, apply from the time Mr. Lowe was placed out of work until the date of your verdict.[11]

---

[11] **Authority:** Third Circuit Model Jury Instructions, 9.4.3 (May 2016).

# PROPOSED JURY INSTRUCTION NO.
# EMOTIONAL DISTRESS DAMAGES

If you find that Plaintiff was discriminated against based on his disability then you must determine an amount that you find by a preponderance of the evidence is fair compensation for his damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less. You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of Defendant's alleged discrimination or retaliation.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. You should consider the nature, character, and seriousness of any pain and suffering, inconvenience, or mental anguish the Plaintiff may have experienced, as well as the extent and duration or whether it required medical treatment. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[12]

---

[12] **Authority:** O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3 §§ 170.60 and 171.90 (5th ed. 2001)(modified).

# PROPOSED JURY INSTRUCTION NO.
# ADA DAMAGES — PUNITIVE DAMAGES

Mr. Lowe claims the acts of CALSONIC were done with malice or reckless indifference to the his federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of CALSONIC personally acted with malice or reckless indifference to Mr. Lowe's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.[13]

---

[13] **Authority:** Third Circuit Model Jury Instructions, 9.4.2 (May 2016).

# PROPOSED JURY INSTRUCTION NO.
## ADA DAMAGES — NOMINAL DAMAGES

If you return a verdict for Mr. Lowe, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

13

Case 1:18-cv-00027    Document 73    Filed 05/18/20    Page 13 of 14 PageID #: 1114

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt: Matthew C. Lonergan, John P. Rodgers, Bradley Arant Boult Cummings, 1600 Division Street, Suite 700, Nashville, TN 37203, jrodgers@bradley.com, mlonergran@bradley.com

 */s/ Heather Moore Collins*
Heather Moore Collins