IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JEFFERY LOWE,

        Plaintiff,                Case No. 1:18-cv-0027

v.                                    Judge Campbell
                                       Magistrate Judge Frensley
                                       JURY DEMAND

CALSONIC KANSEI NORTH
AMERICA, INC.

        Defendant.
_____/

## PROPOSED PRETRIAL ORDER

This matter having come before the Court on August 16, 2021 at 1:30 p.m., at a pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, Heather Moore Collins and Anne Bennett Hunter having appeared as counsel for the Plaintiff, and Matthew C. Lonergan and John P. Rodgers and having appeared as counsel for the Defendant, the following action was taken:

**I.    Recitation**

The Pleadings in this case are amended to conform to the Pretrial Order and this final pretrial order shall supplant the pleadings.

**II.    Basis of Jurisdiction:**

The Court currently has jurisdiction of this case pursuant to 28 U.S.C. § 1331, as this is a civil case and Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiff alleged retaliation claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"); discrimination, failure to engage in an interactive process or to accommodate and

1

retaliation claims under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). Jurisdiction is not in dispute.

**III.     Plaintiff's Theory of the Case:**

This is a case of employment discrimination and retaliation under the ADA and the FMLA, federal laws which are intended to protect employees who get sick or have a disability. In this case, Calsonic ended Mr. Lowe's 27-year career as a loyal employee when it terminated him because it refused to allow him to return to work in violation of the FMLA and ADA. Mr. Lowe, who had a history of chronic knee problems, required time off in the Spring of 2016 to address increasing pain in his knee and lower back which eventually required knee surgery. Just prior to his scheduled knee surgery, Lowe broke his foot which impacted his ability to walk and stand, and which delayed his knee surgery. Subsequently, Lowe was released to return to work from his knee doctor in December 2016, and he was released with restrictions from his foot doctor in February 2017. Calsonic refused to discuss accommodations or engage in an interactive process as required by the ADA with respect to Lowe's foot restrictions claiming its modified duty policy only covered work injuries or pregnancy. However, its policy ignores people with disabilities and violates the ADA by ignoring people with disabilities. Lowe could have been accommodated because there was another employee who worked second shift in his same position who was accommodated and allowed to work with standing and walking restrictions. Due to Calsonic's refusal to discuss accommodation, Mr. Lowe was required to remain off work under Calsonic's one-year medical leave of absence policy for over five additional months. Lowe was eventually terminated when he notified Calsonic his appendix had burst and he requested FMLA for that. Lowe was terminated due to exhaustion of its one- year medical leave policy. However, Calsonic's HR manager admitted Lowe would have begun accumulating leave again that may have covered his appendicitis had

they allowed him back to work when he initially requested to come back with restrictions. As expected, Lowe was released by his foot doctor 3 days after his termination.

IV.     **Defendant's Theory of the Case:**

Mr. Lowe claims discrimination/retaliation under the FMLA and the ADA alleging that his termination violated both statutes and that Calsonic failed to engage in the interactive process as it related to his alleged disability. Mr. Lowe was a long-term production tech who had a history of various injuries, none of which were work related and never resulted in the issuance of any permanent physical restrictions or an actual disability. Between May 23, 2014 and June 6, 2017, Mr. Lowe requested and received medical leaves for knee issues, undiagnosed pain, a rotator cuff strain, lower back pain, back and knee pain, a broken foot, and knee surgery. On each occasion his request for FMLA leave and/or a Medical Leave of Absence (MLOA) was granted. Twice he exhausted his 12 weeks of FMLA leave and was converted to a MLOA with a maximum of 12 months and no more than 2 requests for leave in 12 months. At no point did Mr. Lowe ever submit any doctor's statement establishing permanent work restrictions. Mr. Lowe was released in December 2016 without restrictions by his knee doctor. In February of 2017, Mr. Lowe was released by his foot doctor for light duty work, sitting down 50% of the time, and if that was not available, he was to remain on leave. Since Mr. Lowe's broken foot was not work related, he was not eligible for modified duty under Calsonic's policy. Moreover, because his foot restrictions were temporary, he was not considered disabled. Finally, his request to sit down on the job would have eliminated an essential function of his job – constantly standing, walking and carrying parts he placed in totes. Each subsequent request for light duty was denied for the same reasons. When Mr. Lowe submitted a request for leave on June 6, 2017 for his appendix, he was not eligible for FMLA, his MLOA time had expired and it was his third request for a MLOA in 12 months, making

him ineligible for any further leave. Accordingly, he was terminated on June 9, 2017. Mr. Lowe was subsequently released from his appendix on June 21 and fully released from his foot on July 13, 2017. Mr. Lowe never applied for reemployment although he was eligible. If Mr. Lowe had applied and been rehired, he would have been reinstated at the same pay and benefits along with his prior seniority. On May 29, 2020, Calsonic sent Mr. Lowe a letter with an unconditional offer of reemployment at his prior pay, benefits and seniority. Mr. Lowe never responded to the offer.

V.      **Statement of the Issues**

The issues for trial are: (1) whether Defendant retaliated against Mr. Lowe in violation of the FMLA; discriminated and retaliated against Mr. Lowe in violation of the ADA; and whether Defendant failed to engage in an interactive process and accommodate Mr. Lowe in violation of the ADA; (2) whether Plaintiff can prove damages based on such conduct; and (3) whether Defendant can prove its defense that it acted in good faith regarding the FMLA. The fact issues of liability and the amount of damages are for the jury.

The equitable request for front pay, whether Plaintiff is entitled to payment of his reasonable attorney's fees and costs and, if so, how much; and whether Plaintiff should receive an award of pre-judgment interest, and, if so, in what amount, are legal issues for the Court.

VI.     **Relief Sought**

Plaintiff seeks the following relief:

1. Back Pay under the ADA and FMLA;
2. Front Pay benefits under the ADA and FMLA;
3. Compensatory damages for embarrassment, humiliation, emotional pain and suffering, stress and anxiety, inconvenience, and loss of enjoyment of life under the ADA;
4. Punitive damages under the ADA;

4

Case 1:18-cv-00027   Document 113   Filed 08/05/21   Page 4 of 5 PageID #: 1435

5. Liquidated Damages under the FMLA;

6. Attorneys' fees and expenses;

7. Declaration that Defendant's Modified Duty Policy Violates the ADA;

8. Prejudgment interest.

**VII. Summary of Anticipated Evidentiary Disputes**

    i. Plaintiff's Motions in Limine (ECF 97)

    ii. Defendant's Motions in Limine (ECF 91-96 )

**VIII. Estimated Length of Trial**

The estimated length of trial is 4 days.

IT IS SO ORDERED.

Entered this \_\_\_\_\_ day of August, 2021.

_____
United States District Court Judge Campbell