IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JEFFREY LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:18-cv-00027 |
| ) | |
| CALSONICKANSEI NORTH AMERICA, ) | JUDGE CAMPBELL |
| INC, ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, to Alter or Amend the Judgment. (Doc. No. 133). Plaintiff filed a response in opposition (Doc. No. 140), and Defendant filed a reply (Doc. No. 144). For the reasons discussed below, the motion is **DENIED**.

Judgment as matter of law is appropriate if there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in the moving party's favor. *See Khalaf v. Ford Motor Co.*, 973 F.3d 469, 482 (6th Cir. 2020). On a renewed motion for judgment as a matter of law, the evidence should not be weighed, and the credibility of the witnesses should not be questioned. Fed. R. Civ. P. 50(b). To merit relief under Rule 59(e), a "motion must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). The decision to grant or deny such motions is within the discretion of the district court. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009).

Through its pending motion, Defendant claims that the jury's backpay award does not have a legally sufficient evidentiary basis. Yet, Defendant concedes that the jury's backpay award was based on Plaintiff's expert proof at trial. (*See* Doc. No. 134 at 1 ("the jury awarded Lowe $176,628

in backpay based on Lowe's economic expert, Dr. Charles Baum's, report.")). Indeed, Defendant relies on the same evidence as the jury did to argue against their backpay award. (*See* Doc. No. 144 at 1 ("[Defendant]'s Motion was based on Dr. Baum's expert opinion and the amount of backpay that Dr. Baum recommended in his expert report.")). As such, Defendant does not argue that Dr. Baum's testimony or report were legally insufficient evidence to serve as the basis for the backpay award. Instead, Defendant appears to argue that the jury's finding does not have a legally sufficient evidentiary basis because it does not reflect the eight weeks that Defendant didn't pay its employees, as one of Defendant's employees testified. (*See* Doc. No. 134 at 4-5). The Court is not persuaded that the jury's backpay award does not have a legally sufficient evidentiary basis merely because it does not align with the testimony from one of Defendant's employees. *See Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 804 (6th Cir. 2018) ("[O]nce the existence of damages is shown with reasonable certainty, the precise amount is necessarily left to the discretion of the finder of fact, to be exercised reasonably and within the range of the proofs in the case.") (internal quotations omitted); *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 628 (6th Cir. 1983) (Any ambiguity in what the claimant would have received but for discrimination should be resolved against the discriminating employer).

      Defendant also claims that the jury's finding regarding the reasonableness of Plaintiff's rejection of Defendant's offer to return to work "was without a legally sufficient evidentiary basis." (Doc. No. 134 at 2). However, Defendant relies on unpersuasive authority from outside of the Sixth Circuit to support its argument that the evidentiary basis supporting the jury's finding on this issue is insufficient as a matter of law. (*See, e.g.,* Doc. No. 134 at 11-13 (citing *Frazier v. City of Gadsden*, 2016 WL 2771128 (N.D. Ala. May 13, 2016); *Price v. UTi Integrated Logistics, LLC*, 2013 WL 5500102 (E.D. Mo. Oct. 3, 2013); *Leon v. Echosphere L.L.C.*, 2009 WL 10669393 (W.D.

Tex. 2009); *E.E.O.C. v. R.R. Donnelley & Sons Co.*, 2002 WL 1750946 (N.D. Ill. July 29, 2002); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d. Cir. 1997); *Lemons v. ICM Morg. Corp.*, 1991 WL 164275 (10th Cir. Aug. 22, 1991); *Brady v. Nestor*, 496 N.E.2d 148 (Mass. 1986); *Cowen v. Standard Brands, Inc.*, 572 F. Supp. 1576 (N.D. Ala. 1983)). The Court declines to disregard the jury's finding on this issue in the absence of controlling authority that the evidentiary basis is insufficient as a matter of law.

For all of the foregoing reasons, Defendant's motion (Doc. No. 133) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE