IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEFFREY LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00027 |
| | ) | |
| CALSONICKANSEI NORTH AMERICA, | ) | JUDGE CAMPBELL |
| INC, | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees. (Doc. No. 135). Defendant filed a response (Doc. No. 140), and Plaintiff filed a Supplement (Doc. No. 143). For the reasons discussed below, Plaintiff's motion will be granted, as modified by this opinion.

### I. BACKGROUND

On April 3, 2018, Plaintiff sued Defendant for discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and for retaliation under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Doc. No. 1). The court held a jury trial on Plaintiff's claims on August 24 through 27, 2021. At the conclusion of the trial, the jury returned a verdict finding in favor of Plaintiff on the ADA claims and finding in favor of Defendant on the FMLA claim. (*See* Doc. No. 127). The jury awarded Plaintiff $35,000 in compensatory damages, $176,628 in back pay, $50,000 in front pay, and $37,500 in punitive damages. (*Id.*). On September 7, 2021, the Court entered a Judgment in conformity with the jury's verdict except as to the jury's front pay award of $50,000, which the Court vacated in favor of Plaintiff being reinstated. (Doc. No. 131). On October 7, 2021, counsel for Plaintiff filed the pending motion for an award of attorney's fees. (Doc. No. 135).

## II. ANALYSIS

The ADA provides for the payment of a prevailing plaintiff's attorney's fees and litigation expenses. *See* 42 U.S.C. § 12205. The Supreme Court has directed that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted). There are no such circumstances in the present case. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 437. This two-step calculation, known as the "lodestar" amount, provides an "initial estimate of the value of a lawyer's services." *Id*. "The district court ... should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434. The Court must be guided by its discretion in making this determination because "[t]here is no precise rule or formula" for it to use. *Id*. at 436. "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). "Accordingly, 'modifications [to the lodestar] are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Delaware Valley*, 478 U.S. at 565).

Here, Plaintiff achieved excellent results in light of the facts and circumstances of this case. Plaintiff prevailed on his ADA claims and obtained a substantial damages award, including punitive damages. Plaintiff requests the lodestar amount in the amount of $237,920. This amount is arrived at by multiplying the number of hours expended by Plaintiff's attorneys on this matter

(374.80 hours by Heather Collins) by her hourly rate ($450 per hour) for a total of $168,660.00; (128.2 hours by Anne Hunter) by her hourly rate ($450 per hour) for a total of $57,690.00; (13.7 hours by associate attorneys) at their hourly rates of $300 and $375 for a total of $3,914.00; and (57.6 hours by paralegals and assistants) at their hourly rate of $100 for a total of $5,760.

The Court has reviewed the detailed time sheets provided by Plaintiff's counsel (Doc. No. 143-2) and the information they have submitted concerning the reasonableness of their hourly rates (Doc. Nos. 136-1, 136-2, 136-3,136-4, 136-5, 143-1) and finds the amounts of time billed and hourly rates are reasonable, except for some time spent by paralegals on non-compensable clerical tasks such as printing documents, buying groceries, and calendaring. *See Adkins v. Comm'r of Soc. Sec.*, 393 F. Supp. 3d 713, 720 (N.D. Ohio 2019) ("Time spent, for example, calendaring matters, serving documents, and taking dictation is non-compensable clerical work."). Accordingly, the Court will exclude five hours by paralegals from the initial fee calculation for time spent on non-compensable clerical tasks. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."). The Court, therefore, will award attorney's fees based on a lodestar amount of $450 per hour for 503 hours for Ms. Collins' and Ms. Hunter's time, 13.7 hours at $300/$375 per hour for associate attorney time, and 52.6 hours at $100 per hour for assistant and paralegal time, or a total of $237,420.

The Court is unpersuaded by Defendant's attempts to shave additional hours off the total, such as hours expended on Plaintiff's unsuccessful motion for summary judgment. (*See* Doc. No. 140 at 5-6). "Those hours [expended on tasks in which the plaintiff was not successful], however, were just as much a part of counsel's representation in this case as the hours spent on tasks where he succeeded, such as the trial." *Hanson v. McBride*, 337 F.R.D. 139, 148 (M.D. Tenn. 2020) (citing *Deja Vu v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, 421 F.3d 417, 423 (6th

Cir. 2005) ("[W]e have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.")).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Award of Attorney's Fees (Doc. No. 135) will be granted, as modified herein. The Defendant will be ordered to pay Plaintiff's attorney's fees in the amount of $237,420.

An appropriate order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE